# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1566 | **DATE** | 3/5/2013 |
| **CASE TITLE** | Winfield, et al vs. University of Chicago Medical Center, et al | | |

**DOCKET ENTRY TEXT**

We must dismiss this case with prejudice for lack of subject matter jurisdiction. We simply lack the authority to hear Winfield's case, which perhaps belongs instead in state court. It is so ordered. We strike Plaintiff's motion to proceed in forma pauperis (4) and motion for appointment of counsel (5) as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

On February 27, 2013, Plaintiff Carolyn Winfield filed this lawsuit on behalf of her deceased daughter, Kimberly, and her two sons. Winfield claims that Defendants—University of Chicago Medical Center and Dr. Matthew J. Sorrintino—failed to treat Kimberly in a reasonably competent manner, resulting in her death on January 13, 2011. Before us are Winfield's application to proceed *in forma pauperis* and motion for appointment of counsel.

Before granting leave to file *in forma pauperis*, we must first determine whether Winfield is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of her complaint and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires that a complaint contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1974 (2007); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Here, Winfield's *in forma pauperis* application indicates that her income falls under the poverty guideline for a single-person household. (IFP Aff. ¶¶ 2–4.) (*See* Health and Human Services 2013 Poverty Guidelines, setting the guideline at $11,490.)

Turning then to our initial review of Winfield's complaint, we find that it must be dismissed because we lack jurisdiction. Winfield's complaint generally alleges malpractice, negligence, and perhaps wrongful death or alienation of affections—but it does not raise any federal question. That is, all of these claims stem from Illinois state law, not any federal authority. We therefore cannot have jurisdiction pursuant to 29 U.S.C. § 1331, which limits our authority such that we can hear cases only if the subject matter arises "under the Constitution, laws, or treaties of the United States."

We also lack diversity jurisdiction under 29 U.S.C. § 1332. Diversity jurisdiction allows us, very

## STATEMENT

generally speaking, to hear all kinds of cases with state or federal claims, as long as they involve: (1) citizens of different states; and (2) an amount in dispute exceeding $75,000.  Based on our review of the complaint, all of the parties here appear to be citizens of Illinois.  For example, Winfield lives in Chicago.  She alleges that the medical center is "a corporation licensed to do business in the State of Illinois" and treated her daughter in Chicago.  (Compl. ¶ 1.)  In short, Winfield does not allege that the defendants are citizens of other states.  She also has not plead the value of her claims in the complaint, so we cannot determine the amount in controversy.  We thus do not have diversity jurisdiction.

Accordingly, we must dismiss this case with prejudice for lack of subject matter jurisdiction.  We simply lack the authority to hear Winfield's case, which perhaps belongs instead in state court.  It is so ordered.